[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 4, 2011
JOHN LEY
CLERK

No. 10-15809
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-00021-SPM-AK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES MICHAEL O'QUINN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 4, 2011)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

James O'Quinn appeals his sentence of 108 months of imprisonment for

receiving and distributing child pornography.  18 U.S.C. § 2252A(a)(2)(A), (b)(1).

O'Quinn challenges the two-level enhancement of his sentence for distributing child pornography, United States Sentencing Guidelines Manual § 2G2.2(b)(3)(F) (2009), and the denial of his corresponding request for a two-level reduction of his sentence on the ground that he intended only to solicit and receive the pornographic materials, id. § 2G2.2(b)(1).  We affirm.

The district court did not err when it enhanced O'Quinn's sentence for distributing child pornography and denied his corresponding request for a reduction of his sentence.  O'Quinn pleaded guilty to Count One of his indictment that charged him with "knowingly receiv[ing] and distribut[ing] and attempt[ing] to receive and distribute child pornography," and he was subject to a two-level increase of his sentence for distributing that contraband, id. § 2G2.2(b)(3)(F).  The commentary to section 2G2.2 provides that "distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing."  Id. cmt. n.1.  O'Quinn admitted during his sentencing hearing that he "ma[d]e [the] [child pornography] files [on his computer] available" for "public viewing" through a file-sharing program called Limewire.

We **AFFIRM** O'Quinn's sentence.